IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

RONALD MCHARRIS,                    *

    Petitioner,                          *

    v.                                   *        3:11-CV-686-TMH
                                                             (WO)
STATE OF ALABAMA, *et al.*,          *

    Respondents.                         *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by Ronald McHarris, a state inmate, on August 22, 2011.[1]  On December 14, 1982

Petitioner was convicted of first degree robbery in the Circuit Court of Lee County, Alabama.

The trial court sentenced Petitioner to life without the possibility of parole. Petitioner

subsequently filed a post-conviction petition claiming that his sentence had been illegally

enhanced by an improper prior conviction. After review on appeal, Petitioner's Rule 32

petition was remanded to the trial court with instructions that a proper sentence be imposed

on Petitioner without consideration of the improper prior conviction.  On April 10, 1996

---

[1] Although the present petition was stamped "filed" in this court on August 24, 2011, Petitioner certified the petition for mailing on August 22, 2011. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [McHarris] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers August 22,  2011 as the date of filing.

Petition was re-sentenced to life imprisonment. (*Doc. No. 8, Exh. A-B*.)

Petitioner was paroled on his life sentence in 1999. He remained on parole for eight years but violated the conditions of his parole resulting in his re-incarceration. He filed a motion for sentence reconsideration on December 30, 2008 which the trial court denied on January 12, 2009. The Alabama Court of Criminal Appeals affirmed the lower court's decision on June 12, 2009 and issued a certificate of judgment on July 1, 2009. (*Doc. No. 8, Exhs. A-C*.)

In accordance with the orders of this court, Respondents filed an answer in which they argue that the petition for habeas corpus relief, to the extent Petitioner seeks to challenge his first degree robbery conviction, is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1),[2] as it was not filed within the one-year "grace period" allowed in this Circuit.  Specifically, Respondents assert that because Petitioner's conviction became final  before the effective date of the AEDPA, he was allowed until April 24, 1997 in which to file a § 2254 petition. (*Doc. No. 8, pgs. 5-6*.)  Court records show that Petitioner did file a federal habeas petition on January 29, 1996.  That petition was dismissed without prejudice on May 14, 1996 for Plaintiff's failure to exhaust available state court remedies.  *See McHarris v. Sutton, et al*., Civil Action No. 3:96-CV-147-WHA (M.D. Ala. 1996).  While Respondents acknowledge that Petitioner filed two Rule 32 petitions,  it is clear from the pleadings and documents before the court that the instant petition, to the

---

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

extent it seeks to challenge Plaintiff's 1982 conviction, is filed well beyond the applicable limitation period.

To the extent the instant petition represents a challenge to the legality of Petitioner's current sentence which was imposed on April 10, 1996, it does not appear that Petitioner appealed his life  sentence and, thus, his 1996 sentence became final by operation of law on May 23, 1996, forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired.  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date and ran uninterrupted until the limitation period expired on May 24, 1997.

To the extent the instant action  represents a challenge to the trial court's denial of Petitioner's December 2008 motion for reconsideration of sentence where such ruling allegedly deprived Petitioner of his due process and equal protection rights, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired on such claims prior to Petitioner filing the instant § 2254 petition.

Upon review of the pleadings and documents before the court, it appears that Petitioner failed to file the instant § 2254 petition  within the time allowed by the law of this Circuit.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired.  Petitioner was convicted of first degree robbery by the Circuit

Court for Lee County on December 14, 1982.  On appeal, the Alabama Court of Criminal Appeals affirmed Petitioner's conviction and sentence. Petitioner was re-sentenced on his first degree robbery conviction on April 10, 1996.   Petitioner did not appeal the sentence imposed on April 10, 1996.  Since Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of this sentence.  By operation of law, Petitioner's 1996 sentence, therefore, became final on May 23, 1996 - forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired.  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Petitioner filed a motion for sentence reconsideration on December 30, 2008.  Even if that motion may be considered a "properly filed application for State post-conviction or other collateral review, "even 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Tinker v. Moore*, 255 F.3d 1331, 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal

limitation period.").    It is, therefore, clear that Petitioner's motion for sentence reconsideration, filed more than twelve years after his 1996 sentence had become final, had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259.

To the extent the present petition challenges the state court's January 12, 2009 denial of his motion for reconsideration of sentence where Petitioner contends such action violated his due process and equal protection rights, the instant action is still untimely filed. Petitioner appealed the trial court's decision on his reconsideration motion to the Alabama Court of Criminal Appeals which affirmed the lower court's decision on June 12, 2009.  The appellate court issued a certificate of judgment on July 1, 2009.  Thus, the denial of Petitioner's sentence reconsideration became final on this date and the limitation period began to run on July 1, 2009 and ran uninterrupted until the limitation period expired on July 2, 2010.  The instant habeas petition was filed on August 22, 2011, more than one year after the limitation period expired.

Accordingly, it is

ORDERED that on before **October 13, 2011** Petitioner shall show cause why the instant petition for federal habeas corpus relief should not be dismissed as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

5

DONE, this 22nd day of September 2011.


 /s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE