IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD MCHARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 3:11-CV-686-TMH |
| | ) | [WO] |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ronald McHarris on August 24, 2011.[1] On December 14, 1982, Petitioner was convicted of first degree robbery in the Circuit Court of Lee County, Alabama. The trial court sentenced Petitioner to life without the possibility of parole. On May 31, 1983, the Alabama Court of Criminal Appeals affirmed his conviction and sentence. *See McHarris v. State*, 434 So.2d 874 (Ala.Cr..App. 1983). After his pursuit of post-conviction relief, Petitioner was subsequently re-sentenced to life imprisonment on April 10, 1996, pursuant to the Alabama Court of Criminal Appeal's remand of Petitioner's Rule 32 petition to the trial court with instructions that it determine whether Petitioner's sentence had been improperly enhanced through application of an improper prior conviction. On return to remand, the Alabama Court of Criminal Appeals affirmed the trial court's judgment without

---

[1] Plaintiff filed the instant petition while on parole from which he seeks his release.

opinion on May 10, 1996. *See McHarris v. State*, 678 So.2d 259 (Ala.Crim.App. 1996); *see also Doc. No. 8, Exhs. A-B*.

Petitioner was paroled from his life sentence in 1999. He remained on parole for eight years until he violated the conditions of his parole, resulting in his re-incarceration in 2007. He filed a motion for sentence reconsideration (*Kirby* motion) on December 30, 2008, which the trial court denied on January 12, 2009. The Alabama Court of Criminal Appeals affirmed the lower court's decision on June 12, 2009, and issued a certificate of judgment on July 1, 2009. (*Doc. No. 8, Exhs. A-C*.)

In accordance with the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] Because Petitioner's conviction and sentence became final in May of 1996 – **after** the effective date of the statute of limitations – he must have filed his § 2254 petition within a year of this conviction and sentence becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Court records show that Petitioner filed a federal habeas petition on January 29, 1996. However, that petition was dismissed without prejudice on May 14, 1996, for Petitioner's failure to exhaust available state court remedies due to a

---

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

SRW   Document 12   Filed 08/05/13   Page 3 of 12

pending post-conviction petition proceeding.[3]  *See McHarris v. Sutton, et al.*, Civil Action

No. 3:96-CV-147-WHA (M.D. Ala. 1996).

As noted, Petitioner's judgment on his 1982 robbery conviction was originally

affirmed on appeal on May 31, 1983.  The court takes judicial notice that Petitioner filed four

post-conviction petitions challenging his conviction and sentence. *See McHarris v. State*, 467

So.2d 972 (Ala.Cr.App. 1985); *McHarris v. State*, 560 So.2d 1103 (Ala.Cr.App. 1989);

*McHarris v. State*, 623 So.2d 400 (Ala.Cr.App. 1993); *McHarris v. State*, 678 So.2d 259

(Ala.Cr.App. 1996). The fourth post-conviction petition resulted in Petitioner's being re-

sentenced to a term of life imprisonment.  *See McHarris v. State*, 678 So.2d 259; *see also*

*Doc. No. 8, Exh. A*.  Petitioner did not appeal the trial court's April 10, 1996, judgment to re-

sentence him to life imprisonment nor did he request rehearing of the appellate court's May

10, 1996 affirmance of the trial court's judgment on return to remand.  The court, therefore,

finds that Petitioner's 1996 judgment in which he was re-sentenced to life imprisonment

became final by operation of law on May 23, 1996, forty-two days after imposition of said

sentence as this is the date on which his time to seek direct review of his conviction and

sentence expired.  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.  The one-year

---

[3]The court notes that the filing of Petitioner's January 1996 federal habeas petition did not toll the running of the limitation period. While the AEDPA requires exhaustion of state remedies and imposes a statute of limitations, the limitations period is tolled during the pendency of a state application for habeas review. It is not tolled by the filing of a federal petition for habeas review. *Rhines v.* Weber, 544 U.S. 269, 274 (2005) (citing 28 U.S.C. §§ 2254(b)(1)(A), 2244(d)). The Supreme Court has held that, because an application for federal habeas review is not an "application for State post-conviction or other collateral review," the time for filing a federal habeas petition is not tolled during the pendency of a petitioner's first federal habeas petition. *Duncan v. Walker,* 533 U.S. 167 (2001).

period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date

and ran uninterrupted until the limitation period expired on May 24, 1997.

Based on Respondents' argument, the court entered an order advising Petitioner that

he had failed to file the present federal habeas petition within the one-year limitation period

established by 28 U.S.C. § 2241(d)(1). ( *Doc. No. 11*.)  The order also gave Petitioner an

opportunity to show cause why his petition should not be barred from review by this court.

*Id*.  Petitioner took the opportunity to file a response. (*See Doc. No. 11*.)  In his response,

Petitioner argues that the challenges he makes to his sentence are jurisdictional and, thus, not

barred by the federal limitation period. (*Id*.)

## I.  DISCUSSION

*A.  Statute of Limitations*

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on

April 24, 1996 and amended the habeas corpus statute to include a one-year period of

limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified

at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

5

Petitioner was convicted of first degree robbery by the Circuit Court for Lee County on December 14, 1982.  The Alabama Court of Criminal Appeals affirmed Petitioner's conviction and sentence on May 31, 1983. Following a series of post-conviction challenges to his conviction and sentence of life without the possibility of parole, the trial court ultimately re-sentenced Petitioner to life imprisonment on his first degree robbery conviction on April 10, 1996.   Petitioner did not appeal the trial court's judgment.  Since Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of this sentence.  Petitioner's 1996 judgment, therefore, became final on May 23, 1996 – forty-two days after imposition of the trial court's judgment as this is the date on which his time to seek direct review expired.  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.

   i.  *Statutory Tolling of the Limitation Period.*

    28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Following Petitioner's re-sentencing by the trial court, Petitioner did not file any additional challenge to his conviction and/or sentence.[4] Accordingly, Petitioner's conviction

---

[4] Even if Petitioner's *Kirby* motion could be considered a "properly filed application for State post-conviction or other collateral review, "even 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining

and sentence became final on May 23, 1996 -  forty-two days following his  re-sentencing,

and the one-year period of limitation began to run on this date  and ran uninterrupted until

it expired on May 23, 1997. Petitioner filed the instant petition for habeas corpus relief on

August 24, 2011 – more than fourteen years after the limitation period had expired.

    *ii.  Equitable Tolling of the Limitation Period*

The Supreme Court has determined that the one-year limitation period is subject to

equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Holland v. Florida,* __ U.S. __,130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo,*

544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)

(limitation period "may be equitably tolled" on grounds apart from those specified in the

---

to be tolled." *Webster v. Moore*, 199 F.31256, 1259 (11th Cir. 2000); *see also Tinker v. Moore*, 255 F.3d 1331, 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that Petitioner's motion for sentence reconsideration, filed more than twelve years after his 1996 re-sentencing proceedings had become final, had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259.

    The court additionally notes that based on Petitioner's petition and his response to Respondents' answer, it does not appear that the present habeas application presents a challenge to the state courts' denial of Petitioners motion for reconsideration of sentence which he filed with the trial court on December 30, 2008.  Even if he were to make such a challenge, it would also be time-barred. The record reflects that on January 12, 2009 the trial court denied Petitioner's *Kirby* motion. Petitioner appealed the lower court's decision to the Alabama Court of Criminal Appeals which affirmed the trial court's decision on June 12, 2009.  The appellate court issued a certificate of judgment on July 1, 2009.  Thus, the denial of Petitioner's sentence reconsideration became final on this date and the limitation period began to run on July 1, 2009 and ran uninterrupted until the limitation period expired on July 2, 2010.  As noted, the instant habeas petition was filed on August 24, 2011, more than one year after the limitation period expired. (*Doc. No. 8, Exhs. A-C*.)

habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11ᵗʰ Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11ᵗʰ Cir. 2002). The diligence required is reasonable diligence, not "maximum feasible diligence", *see Holland*, 130 S.Ct. at 2565, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil,* 633 F.3d 1257, 1267 (11ᵗʰ Cir. 2011). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9ᵗʰ Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 618-619 (3ʳᵈ Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11ᵗʰ Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11ᵗʰ Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see*

*Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001).

In his response to Respondents' answer, Petitioner argues that his petition is subject to equitable tolling of the limitation period because he presents jurisdictional issues which are not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Specifically, he claims that his sentence was improperly enhanced under the Alabama Habitual Felony Offender Act because the state failed to produce certified copies of the prior convictions used to enhance his life sentence and also because the State failed to show that he was represented by counsel with regard to the prior convictions used for enhancement purposes. (*Doc. No. 1 at pg. 5, Doc. No. 11.*)

Whether or not Petitioner has asserted a valid challenge to the state court's jurisdiction with regard to his claim that his sentence was enhanced by use of prior convictions for which the state failed to produce certified copies, neither the limitations statute nor federal case law makes an exception for alleged jurisdictional issues arising under state law. *See Johnson v. Jones,* 2006 WL 2092601, *2 (M.D. Ala. 2006). Further, with regard to Petitioner's assertion that his sentence was enhanced through use of uncounseled prior convictions, the court notes that in *Lackawanna County District Attorney v. Coss,* 532 U.S. 394 (2001), the Supreme Court left open the possibility that the general rule that habeas relief is not available to prisoners whose sentences are calculated using prior state convictions that are no longer open to direct or collateral attack may not apply where the petition alleges that the previous state

conviction resulted from a "failure to appoint counsel in violation of the Sixth Amendment." *Id.* at 404. Thus, under *Lackawanna,* a petitioner may be able to pursue § 2254 relief when his or her sentence is calculated using a conviction imposed in violation of the right to counsel. For Petitioner, however, this argument is unavailing because, as explained, his habeas application is untimely, and he has not otherwise demonstrated that he is entitled to equitable tolling inasmuch as he has not shown that he exercised reasonable diligence in investigating and bringing this claim.

## B.  *Expiration of the Limitation Period*

Based on the foregoing, the court concludes that there is no credible basis either for equitable or statutory tolling of the limitation period until Petitioner filed this cause of action. The record is devoid of evidence that Petitioner's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. The reasons set forth by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to warrant equitable tolling of the limitation period. He has likewise presented nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Petitioner] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking

such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5.  Consequently,

Petitioner's habeas petition is due to be dismissed as untimely.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Petitioner Ronald McHarris be

DENIED as Petitioner failed to file the petition within the one-year period of limitation set

forth in 28 U.S.C. § 2244(d)(1); and

2.  The petition be DISMISSED with prejudice.

 It is further

ORDERED that on or before **August 19 , 2013** the parties may file an objection to the

Recommendation.  Any objection filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or

general objections will not be considered by the District Court.  The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11ᵗʰ Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11ᵗʰ Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE, this 5ᵗʰ day of August, 2013.


                    /s/ Susan Russ Walker
                    SUSAN RUSS WALKER
                    CHIEF UNITED STATES MAGISTRATE JUDGE